SALVATORE AND JOSEPHINE TRIOLA, DEPENDENTS OF ANGELO TRIOLA, DECEASED, (CLAIMANTS), RESPONDENTS, v. WESTERN UNION TELEGRAPH COMPANY, A CORPORATION (EMPLOYER-SELF-INSURER), APPELLANT.*—25 S. W. (2d) 518.

St. Louis Court of Appeals. Opinion filed March 11, 1930.

*Jones, Hocker, Sullivan & Angert* and *Warren F. Drescher, Jr.*, for appellant.

260

*Gerrilzen & Gerritzen* for respondents.

NIPPER, J.—This action was instituted before the Workmen's Compensation Commission, by claimants, who are the parents of Angelo Triola, seventeen years old, deceased, against the Western Union Telegraph Company, employer of Angelo Triola.

The claim alleged that Angelo Triola died as a result of injuries received when a bicycle on which he was riding was struck by a truck, the property of the Ragland Transfer Company, Greenville, Illinois. The total amount of compensation claimed was $3,048, being the maximum penalty allowable.

In the answer filed, all the statements in the claim for compensation were admitted, except that it is alleged that deceased was injured while violating a city ordinance of the City of St. Louis, and when failing to obey a reasonable rule adopted by the employer, of which the employee had notice, said ordinance making it unlawful to ride a bicycle upon the city sidewalk, and said rule of the employer also requiring its employees not to ride bicycles upon city sidewalks.

Upon a hearing before the commission the claimants were allowed the full amount asked for, subject to a credit of $150 for burial expenses. An appeal was taken to the circuit court, where the award of the Commission was affirmed, and the appellant has brought the case here.

The facts of this case are undisputed. Angelo Triola, the deceased, was seventeen years old, and died as a result of injuries received November 5, 1927, in an accident arising out of and in the course of his employment with his employers, Western Union Telegraph Company, while riding a bicycle on a sidewalk in the City of St. Louis, when he was struck by the truck heretofore referred to. The employer paid the expenses of the burial of the boy in the amount of $150. No compensation was paid the boy's parents because there was a question as to the extent of their dependency upon deceased employee. The facts show that at the time of the death of Angelo Triola, his father was earning an average weekly wage of $22.80; the deceased's brother was earning an average weekly wage of $21, and the deceased was earning an average weekly wage, at the time of the accident, of $15.24. The family consisted of ten members. The three working members being the father and the two sons mentioned. The total family income made up by the wages of the father and two boys amounted to $59.04 per week.

The case was tried in the court below, and in this court it was argued and briefed by counsel for claimants, upon the theory that the claimants were total dependents of deceased, and, therefore, entitled to the total death benefit. The learned trial judge affirmed the finding of the Commission, and in his written opinion stated that it was done on the theory that claimants were total dependents within the meaning of the Workmen's Compensation Act.

Counsel for appellants contended that claimants were only partial dependents, and, therefore, would only be entitled to recover 25.8 per cent of the total death benefit, or an amount equal to such percentage of their dependence upon the deceased employee which would amount to $786.39 instead of $3,048, which the commission allowed, and which allowance the trial judge sustained on the theory that the claimants were total dependents.

After our original opinion was handed down we granted a rehearing, and this case has been reargued and resubmitted. In our original opinion we held that the claimants were only partial dependents, and as such partial dependents, were only entitled to receive $786.39. In the original brief filed here by counsel for claimants it is not contended that if claimants were partial dependents they would be entitled to more than counsel for appellants contended partial dependents were entitled to. Counsel for claimants in their motion for rehearing admitted that we were correct in holding that the parents were only partial dependents, but insisted that we had erred in construing Section 21 (c) of the Workmen's Compensation Act, with respect to the amount that partial dependents should receive. Such counsel, in their motion for rehearing, con-

tended that in as much as the deceased contributed all his wages, the death benefit which the partial dependents would receive would be the same amount as if they were total dependents. Later, when the case was reargued, counsel for claimants advocated still another theory to the effect that the death benefit is the same in all cases, whether there be total or partial dependents, and that Section 21 (c) merely provides the method of distributing this single total death benefit.

We have three theories advocated in this case. First, that this court was right in its original opinion as to the amount a partial dependent should receive. Second, that the part a partial dependent is to receive is determined by the proportion of his contributions, and that if he contributes three-fourths of his income to partial dependents, such partial dependents would receive three-fourths of the total death benefit, or if he contributed all his earnings the partial dependents would receive the total death benefit, or the same amount the total dependents would receive. The third theory is that the death benefit is the same in all cases, whether there be total or partial dependents, but the method of distributing to partial dependents is determined by the percentage which each partial dependent would receive as compared to the employee's total contributions.

We have given this case much thought and careful consideration, and have come to the conclusion that the second theory above referred to is the correct one, and the one which was really intended by the legislature. We deem it wise at this point in our opinion to set out that part of the Workmen's Compensation Act which we deem directly applicable to the facts of this case, and necessary to a proper determination thereof, which is paragraphs (b) and (c) of Section 21 of the Act.

(b) "The employer shall also pay to the total dependents of the employee a single total death benefit, the amount of which shall be determined in the following manner to-wit: There shall first be determined as a basis for computation 66 2/3 per cent. of the employee's average weekly earnings during the year immediately preceding the injury as provided in section 22 and such amount shall then be multiplied by three hundred and the amount so determined shall be the amount of such death benefit. The death benefit provided for shall be payable in installments in the same manner that compensation is required to be paid under this act, but in no case less than at the rate of six dollars per week nor more than twenty dollars per week. There shall, however, be deducted from such death benefit any compensation which may have been paid to the employee during his lifetime for the injury resulting in his death. If there be a total dependent or total dependents as the

case may be, no death benefit shall be payable to partial dependents, or any other persons except as provided in paragraph (a) of this section.

(c) "If there be partial dependents, and no total dependents, a part of the death benefit herein provided in the case of total dependents, determined by the proportion of his contributions to all partial dependents by the employee at the time of the injury, shall be paid by the employer to each of such dependents proportionately."

We are clearly of the opinion that the claimants here are only partial dependents. That fact is now conceded by counsel for claimants, and the question with which we are now concerned is the proper construction to be placed upon paragraph (c), which determines the amount that a partial dependent shall receive. By reference to this paragraph or sub-section, it will be noted that the language used therein is anything but clear and unambiguous. Either of the three constructions above contended for could be placed upon this section, but it is our duty to ascertain, if possible, just what the Legislature really meant and intended by the enactment of this provision. A reference to the Compensation Acts of other states is of little or no benefit to us because we have been unable to find an identical provision in the act of any other state.

The average weekly earnings of the deceased were $15.24. In order to arrive at the total death benefit as provided in paragraph (b) above set out, we would multiply two-thirds of the average weekly earnings by three hundred, which would amount to $3,048. Now to determine the amount which partial dependents would receive we would have to use the above total as a basis, and under our construction of paragraph (c), if deceased had contributed two-thirds of his income to his parents these parents as such partial dependents would be entitled to receive two-thirds of the total death benefit, but where, as in this case, the partial dependents receive all of the employee's wages, then such claimants would be entitled to receive $3,048, or the same amount that total dependents would receive, because the act provides that if there be partial dependents and no total dependents, the part of the death benefit which is to be paid such partial dependents proportionately, shall be determined by the proportion of his contributions to all partial dependents. Paragraph (c) when properly construed, we think, means that the part of the death benefit which partial dependents receive is determined by the proportion of the employee's wages which he contributes to such partial dependents, and not such amount as the total contributions bear to the total family income.

The point is also made by the appellant that as the injury and death of the employee was caused by his failure to obey a reasonable rule adopted by the employer for the safety of its employees, which rule prohibited the employees from riding bicycles upon the sidewalks, the death benefit should be reduced fifteen per cent under the provisions of Section 3 of the Workmen's Compensation Act, Laws of Missouri 1927, page 493.

In his written opinion the trial judge held that such rules adopted by an employer and referred to in Section 3, were rules where the employees are engaged in work on the premises of the employer, and where the safety devices referred to in the act are used and can be used, and did not refer to an accident which might occur on the streets of the City of St. Louis, and not immediately connected with the operation of the employer's business. We are inclined to the view that under the facts of this case no deduction should be allowed.

The judgment of the circuit court is accordingly affirmed. *Haid, F. J.,* and *Becker, J.,* concur.