James B. FERGUSON, Sr., et al., Claimants-Appellants,

v.

W. P. HOOD and D. M. Hood, d/b/a D & W Texaco, Employers-Respondents,

and

American States Insurance Company, Insurer-Respondent.

No. 9765.

Missouri Court of Appeals, Springfield District.

July 12, 1976.

Motion for Rehearing or to Transfer Denied July 30, 1976.

Application to Transfer Denied Oct. 12, 1976.

Benjamin J. Francka, Springfield, for claimants-appellants.

Daniel, Clampett, Ellis, Rittershouse & Dalton, Paul D. Rittershouse, Springfield, for employers-respondents.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

STONE, Presiding Judge.

Claimants-appellants are the parents and siblings of eighteen-year-old Richard Ferguson who, while working in the course of his employment as a service station attendant, was shot and killed during an armed robbery at the station on March 15, 1969. Asserting that they were partial dependents of Richard (§ 287.240, RSMo 1969, V.A.M.S.), claimants instituted this proceeding under the Missouri Workmen's Compensation Law. After a plenary hearing, the referee made extensive findings of fact and rulings of law and entered an award denying compensation to the alleged dependents, which was confirmed upon initial review by the Industrial Commission and thereafter upon judicial review by the circuit court. From that adverse judgment, claimants bring the case to us.

In connection with and in support of his award denying compensation, *Referee Moss* first recorded his finding "from all the evidence that claimants herein have failed to prove actual dependency for support, in whole or in part, upon the deceased employee's wages at the time of the employee's injury and death," and then proceeded to review certain significant evidence, record additional findings of fact, and refer to relevant case law. Upon review, the *Industrial Commission* found that "the award of the referee heretofore entered is correct in all respects without exception," warmly commended "the proficiency demonstrated by the referee," and quoted the major portion of the referee's "decision." We believe it appropriate to do likewise at this point:

"Claimants . . . concede that the deceased had no total dependents, and the record shows that each of the alleged dependents received a substantial part, if not all, of his or her support from a source other than the deceased employee. *Gantner v. Fayette Brick & Tile Company,* 236 S.W.2d 415 [Mo.App.1951]; *Dykes v. Thornton,* 282 S.W.2d 451 [Mo.1955]. Claimants contend that the record supports a finding that the deceased contributed all, or substantially all of his wages to a 'common fund' used for the support in part of all of the alleged dependents, and insist that they are partial dependents to the extent of 100% and therefore entitled to the entire death benefit, there being no total dependents. Section 287.240(3), RSMo 1969, has been thus construed in numerous cases when the facts indicated the deceased contributed his entire earnings to a 'common fund' for the support of partial dependents. Claimants' excellent brief cites nearly all of such cases. However, I find that the evidence in the instant case does not support a finding that the deceased contributed all or substantially all of his wages to such 'common fund.' The most recent decision on this precise point is *Dykes v. Thornton,* 302 S.W.2d [304], 313 [Mo.App.1957]. In that

case the alleged dependent mother testified that her deceased son contributed all of his earnings to a common fund, except money used for shows, skating, gasoline for the family car, meals bought while working on the road, and clothing. The evidence in the instant case is substantially the same, and unlike the *Dykes* case, the deceased also had his own checking account from which he also obtained funds for his own use for like expenditures.

"I further find that the claimants have failed to prove beyond mere speculation, guesswork and surmise that even a part of the deceased's earnings were in fact used for the support of the family. Otherwise stated, I find that claimants have not proven beyond mere speculation that they were actually dependent upon a part of the deceased's wages for their support. It was stipulated by the attorneys for the parties that the employee's average weekly wage was $74.73 per week. However, this was a theoretical average wage to be used for the purpose of determining the amount of the total death benefit only, since the employee had worked regularly on a full time basis for just two weeks prior to his death. Partial dependency is determined by the proportion of the employee's actual earnings contributed, and not by the proportion of such theoretical earnings contributed. *Tracey v. Acme Distributing Company*, 236 Mo. App. 981, 160 S.W.2d 469 [1942]. The deceased until two weeks prior to his death had worked only part time on an irregular basis and at times not at all. His weekly earnings necessarily varied a great deal. His mother testified that he would, when working, hand her a 'wad' of money which she placed in her billfold. She did not count the money and consequently did not know how much it was. Though she testified that on such occasions he kept two or three dollars for cigarettes, candy, etc., she still was unable to say what his earnings were for the period involved on each occasion. In any event, from time to time the deceased would request varying amounts for like personal expenses and dates with girl friends and his mother would honor his request. A checking account was also maintained in the name of the deceased upon which he would also write the checks for similar personal expenses. Upon these facts, I am unable to see where the claimants' cause is aided by the 'common fund theory.' What part of the deceased's contribution to such fund were the claimants dependent upon for *their* support? In my view, the claimants are not dependent upon a part of the deceased's earnings for *their* support when the record equally justifies AN INFERENCE THAT the deceased's withdrawals for his personal use from the common fund may have equalled or exceeded his contribution.

"I further find that even if an inference is drawn that a part of his contribution to the fund exceeded his personal withdrawals, such inference does not justify a finding that such part was significant enough for it to be said that the claimants were actually dependent upon it for their support. The father was regularly employed and at the time of the employee's death the family's financial situation was probably better than it had ever been. The employee's twin brother [claimant Rickey Ferguson] was also working (at least part time) and the record indicates he also maintained a bank account for his own personal use. As pointed out in the able brief of the employer and insurer, dependency is a question of fact, and need is an important factor to consider. I find from all the evidence that claimants in this case have failed to prove beyond mere speculation that they were actually dependent upon a part of the earnings of the deceased for *their* support. In my view the record indicates that the testimony of the father and mother to the contrary is a mere conclusion on their part based upon a sincere but mistaken belief not supported by the facts."

■ Although on judicial review the circuit court was in the first instance, and this court is on appeal, authorized to determine whether, upon the whole record, the Industrial Commission reasonably could have made the findings and award under consideration, this does not mean that either court should or may substitute its judgment on

22 ■ 

the evidence for that of the Commission, but simply permits a reviewing court to set aside the findings and award of the Commission if they are clearly contrary to the overwhelming weight of the evidence, when the evidence in its entirety, including all legitimate inferences reasonably deducible therefrom, is viewed in the light most favorable to such findings and award. *Freeman v. Callow,* 525 S.W.2d 371, 372(1) (Mo. App.1975), and cases there cited.

 Where, as here, claimants were not among those statutorily classified as "conclusively presumed to be totally dependent" [§ 287.240(4), RSMo 1969, V.A.M.S.], dependency was a question of fact and compensation properly might have been denied, as indeed it was, for the failure of claimants, upon whom the burden of proof rested, to establish dependency. *Ricks v. H. K. Porter, Inc.,* 439 S.W.2d 164, 167(7) (Mo. 1969); *Kemmerling v. Karl Koch Erecting Co.,* 338 Mo. 252, 255–256, 89 S.W.2d 674, 675–676(1, 2) (1936). In considering and resolving the issue of dependency, it was for the Commission, as trier of the facts, to draw from the evidence such inferences as were reasonably permissible [*Barton v. Western Fireproofing Co.,* 326 S.W.2d 344, 349(6) (Mo.App.1959)]; and, if conflicting inferences might have been drawn, the choice rested with the Commission as to which should be accepted. *Miller v. Sleight & Hellmuth Ink Co.,* 436 S.W.2d 625, 627 (Mo.1969); *Webb v. Norbert Markway Const. Co.,* 522 S.W.2d 611, 615(9) (Mo.App. 1975); *Bauer v. Independent Stave Co.,* 417 S.W.2d 693, 697 (Mo.App.1967). Likewise, matters of credibility and the weight to be given conflicting evidence were for the Commission. *Bradshaw v. Richardson Trucks, Inc.,* 467 S.W.2d 945, 947 (Mo.banc 1971); *Saale v. Alton Brick Co.,* 508 S.W.2d 243, 246(4) (Mo.App.1974).

 After painstaking perusal of the entire transcript and careful consideration of the exhaustive briefs filed by capable counsel and of relevant case law, we are constrained to conclude:

(a) That the statements and findings of fact in the above-quoted "decision" of the referee adopted by the Commission were appropriately and properly drawn from the testimony of the employee's parents, claimants themselves and the only witnesses on behalf of claimants, and that no good purpose would be served by our independent reiteration of the same facts or by development of further factual detail [Rule 84.-16(b), V.A.M.R.; *Rose v. Ozark Pride Agribusiness, Inc.,* 510 S.W.2d 500, 502 (Mo.App. 1974)]; and,

(b) That the award of the Commission was supported by competent and substantial evidence on the whole record and was not clearly contrary to the overwhelming weight of the evidence. *Brown v. Mo. Lumber Transports, Inc.,* 456 S.W.2d 306, 307 (Mo.banc 1970); *Wilhite v. Hurd,* 411 S.W.2d 72, 77(2) (Mo.1967).

In these circumstances, the judgment of the circuit court affirming the final award of the Commission denying compensation should be and is affirmed.

HOGAN and FLANIGAN, JJ., concur.