**Henry R. HENNECKE, Employee, Respondent,**

v.

**WASHINGTON UNIVERSITY, Employer, and Hartford Accident & Indemnity Co., Insurer, Appellants.**

**No. 37711.**

Missouri Court of Appeals, St. Louis District, Division One.

Oct. 26, 1976.

Evans & Dixon, Edward M. Vokoun, St. Louis, for appellants.

Frank J. Lahey, Jr., St. Louis, for respondent.

WEIER, Presiding Judge.

The employer and insurer (hereinafter employer) appeal from an order of the circuit court affirming an award of compensation to the employee by the Industrial and Labor Relations Commission (hereinafter Commission). The sole issue on appeal is whether or not there was competent and substantial evidence to support a finding that the employee suffered injury as a result of an accident.

Viewed in the light most favorable to the findings and award of the Commission, *Lindquist v. Container Corp. of America,* 537 S.W.2d 676, 677[1] (Mo.App.1976); *Roux v. Dugal's Big Star Food Store,* 510 S.W.2d 810, 812[3] (Mo.App.1974), the evidence reveals that employee Henry R. Hennecke was working with another employee to install insulation on water lines in an underground tunnel containing layers of steam lines, electrical conduits, water lines and sewer pipes. The water lines were located between the sewer pipe and various steam lines. In the insulation procedure, Mr. Hennecke would lift the line filled with water momentarily, while the second employee slipped on the insulation. To lift the pipe, Mr. Hennecke had to bend at the waist, slightly to the left, lower his head beneath steam lines, and twist to reach the water lines with both hands. At the time of the injury, Mr. Hennecke had held the water line approximately two minutes, which was longer than usual. At that time he experienced severe back pain which radiated down his legs.

The evidence set out above clearly indicates there was competent and substantial evidence on the whole record to support the finding of the Commission that the employee Mr. Hennecke exerted more strength over a greater period of time than he could have anticipated, and suffered an accident by abnormal strain. It is now well-settled that an abnormal strain causing injury may be classified as an accident, even though not preceded or accompanied by a slip or a fall. *Crow v. Missouri Implement Tractor Co.,* 307 S.W.2d 401, 405[1] (Mo. banc 1957). An abnormal strain occurs when the force exerted by the employee produced more strain than he anticipated. Furthermore, an abnormal strain can occur from lifting heavy objects while in an awkward or unbalanced position, even though lifting is a part of an employee's routine duties. *Wilson v. Kansas City,* 479 S.W.2d 135, 139–141[5–7] (Mo.App.1972).

The judgment is affirmed.

DOWD and CLEMENS, JJ., concur.