**Jewell Daniel SIMMONS, Appellant,**

v.

**WILSON FREIGHT COMPANY,
Respondent.**

No. 38258.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 8, 1977.

Rehearing Denied April 15, 1977.

Igoe & Igoe, John R. Igoe, St. Louis, for appellant.

Julian C. Jaeckel, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Plaintiff Jewell Daniel Simmons has appealed the denial of his workmen's compensation claim following adverse rulings by the Labor and Industrial Relations Commission and the circuit court. The issue is causation (1971) of subsequent disability (1974).

March 15, 1971 plaintiff injured his knees in a fall from loading machinery. He received palliative treatment from Dr. J. A. Costrino. One year later plaintiff returned to Dr. Costrino who at that time recommended orthopedic consultation. Plaintiff's counsel states in his brief, without transcript reference, that the employer refused to afford further treatment; the transcript does not support this assertion.

Plaintiff filed his compensation claim a year after his 1971 injury, but no action was taken on it until 1974. For three years after his injury plaintiff lost no time from work. In June of 1974 he underwent knee surgery three times and thereafter was substantially disabled. Medical testimony was pro and con as to a causal connection between plaintiff's 1971 injury and his 1974 surgery.

Two instances in plaintiff's medical history reflect on the validity of his contention of causation. Following surgery he made claim to his union's insurance carrier wherein his surgeon answered "no" to the question: "Is injury or sickness due to patient's employment or occupation?" Plaintiff later reported that his knee surgery did not result from "on-the-job injury" and was paid $1,028 in "sick leave" by his union.

Plaintiff's credibility was further weakened by his 1974 hospital records. Therein it is stated that for *two years* he had been having pain in his knees; records show he had been injured more than *three years before surgery.*

On review of its referee's ruling denying compensation, the Commission adopted the referee's findings of fact and conclusions of law declaring: "Although the employee did sustain an accident on March 15, 1971, for which he was treated by Dr. Costrino, his claim for disability must be denied because he has failed to show that the condition from which he is presently suffering comes as a result of the accident of March 15, 1971. There are too many areas of testimony, particularly the testimony of the employee, wherein his credibility was put to the test and found wanting. . . . The record contains other contradictions which though not important each one in itself, when these are all taken together, lead me to my conclusions that although the employee has proved up an accident, and I do so find, he has failed to show causal connection between the disability from which he is presently suffering and said accident which occurred 3–15–71." [1]

■ The circuit court affirmed the Commission's ruling upholding denial of plaintiff's claim on the ground of lack of credibility. Judge Bloom cited *Lawson v. Lawson,* 415 S.W.2d 313[4] (Mo.App.1967), holding that the Commission "may decide a claim solely upon a finding of lack of credibility of uncontradicted and unimpeached testimony." To the same effect, see *Ricks v. H. K. Porter, Inc.,* 439 S.W.2d 164[4] (Mo.1969).

■ We rely further on the recent case of *Ferguson v. Hood,* 541 S.W.2d 19[2, 3] (Mo.App.1976). There, the factual issue was dependency—comparable in law to the factual issue of causation. Judge Stone wrote (omitting citations): "Dependency was a question of fact and compensation properly might have been denied, as indeed it was, for the failure of claimants, upon whom the burden of proof rested, to establish dependency. In considering and resolving the issue of dependency, it was for the Commission, as trier of the facts, to draw from the evidence such inferences as were reasonably permissible and, if conflicting inferences might have been drawn, the choice rested with the Commission as to which should be accepted. Likewise, matters of credibility and the weight to be given conflicting evidence were for the Commission." So it is here; the plaintiff's lack of credibility warranted the denial of his claim.

Judgment affirmed.

DOWD, and WEIER, JJ., concur.

---

1. The referee added his opinion that plaintiff had "tailored his testimony in an obvious attempt to find a compensable accident to which he might attach this disability." For compara-

ble grounds for denying compensation see *Duncan v. A. P. Green Refractories Co.,* 522 S.W.2d 639[2] (Mo.App.1975).