**Robert W. MUSGRAVE, Respondent,**

v.

**BANQUET FOODS CORPORATION, Appellant.**

**No. KCD 30176.**

Missouri Court of Appeals, Western District.

April 2, 1979.

---

2. The secrecy provisions of §§ 361.070 and 361.080, insofar as pertinent here, have been in effect without change since 1907. Section 109.180 was enacted in 1961. Sections 610.015 and 610.025, part of the act someone dubbed the "Sunshine Law," were enacted in 1973.

Christian F. Stipp, Carrollton, for appellant.

Richard N. Brown, Brookfield, for respondent.

Before SHANGLER, P. J., and SWOFFORD, C. J., and WASSERSTROM, J.

**PER CURIAM:**

This appeal is from an award of compensation benefits to the employee-respondent injured while at work in the frozen food plant of the employer-appellant. The award by the referee was affirmed by the Labor and Industrial Relations Commission and, on appeal to the circuit court, the decision of the commission was affirmed.

An injury to the employee's knee occurred as he was removing boxes of chicken from a conveyor belt and stacking them on a pallet. According to the employee's testimony, the boxes began to arrive at his station at an accelerated rate and while running sideways in an attempt to gather boxes which were running off the end of the conveyor, his right knee turned causing the injury.

The employer contends that the evidence fails to support the finding of the referee that the injury was the result of an accident within the meaning of Section 287.120, RSMo.

The only evidence presented in this case was the testimony of the employee, that of a fellow workman and certain exhibits including a claim filed by the employee for other insurance benefits. While such evidence was not entirely harmonious, it was sufficient to support a finding of the occurrence as above summarized. In so doing, the court has considered the whole record and the inferences to be drawn, all in the light most favorable to the award. *Pulliam v. McDonnell Douglas Corp.*, 558 S.W.2d 693 (Mo.App.1977).

The sole question presented in this review is whether the Industrial Commission correctly ruled as a matter of law that the employee's injury was the result of an accident compensable under the act. Where the issue is restricted to a question of law, the conclusion reached by the commission is not binding on the appellate court. *Merriman v. Ben Gutman Truck Service, Inc.*, 392 S.W.2d 292 (Mo.1965).

Prior to *Crow v. Missouri Implement Tractor Company*, 307 S.W.2d 401 (Mo. banc 1957), the test of a compensable accident

was often a preceding or attendant slip or fall. In *Crow,* however, the term "accident" was broadened to include an abnormal strain arising out of and in the course of employment. Later decisions have treated various incidents of strain, a significant statement being the court's observation in *Brotherton v. International Shoe Company,* 360 S.W.2d 108 (Mo.App.1962):

"We now conclude that the unexpected and abnormal *strain* is the important event. This will *usually* result from the doing of the work in an 'abnormal manner' or in doing work which is not routine, but it is not necessarily so."

Considered in the light of the foregoing cases and the enlarged concept of a compensable "accident" as subsequently followed in *Hennecke v. Washington University,* 543 S.W.2d 525 (Mo.App.1976); *Lindquist v. Container Corp. of America,* 537 S.W.2d 676 (Mo.App.1976); *Homan v. American Can Co.,* 535 S.W.2d 574 (Mo.App.1976); and *Griffin v. Evans Electrical Construction Co.,* 529 S.W.2d 172 (Mo.App.1975), the injury sustained by the employee who was subjected to an unexpected and abnormal strain in performing his work in an abnormal manner was the result of accident within the definition of Section 287.120, RSMo.

The finding of the referee and the commission is supported by competent and substantial evidence and, no error of law appearing, the judgment is affirmed.