Louise C. **TALIAFERRO,**
Employee-Respondent,

v.

**BARNES HOSPITAL,**
Employer-Appellant.

No. 41219.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 21, 1979.

Motions for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1979.

Application to Transfer Denied
Oct. 10, 1979.

Greenfield, Davidson, Mandelstamm & Voorhees, Robert M. Hamlett, St. Louis, for employer-appellant.

Morris B. Kessler, St. Louis, for employee-respondent.

GUNN, Judge.

Barnes Hospital appeals from a circuit court judgment affirming the Labor and Industrial Commission's award granting permanent disability payments and medical expenses to an employee, Louis C. Taliaferro. Barnes alleges as error: (1) the exclusion of one of its exhibits; (2) the finding that the employee's injury was caused by an accident arising in the course of her employment; and (3) the award of medical expenses. We affirm the award of disability payments and reverse as to the award of medical expenses.

On September 15, 1975, the employee was employed as a licensed practical nurse by Barnes Hospital, a self-insurer. At the hearing before the administrative law judge, the employee related that in the course of her duties she and another co-worker were moving a patient in a hospital bed down a corridor. The wheels of the bed locked causing the employee to be "jerked forward" resulting in injury to her back and pain in her left leg. Two days after the incident, she reported to Barnes that she was unable to work because of back pain, and on the fourth day after her injury the personnel health clinic sent her to the emergency room for treatment as no physician was available at the orthopedic clinic. It was at this time that the employee filled out an accident report for the emergency room. She was subsequently treated at Barnes' orthopedic clinic on four occasions between September 19 and November 6, 1975. Between April and November 1976, the employee obtained treatment for her back and leg pains from physicians of her own selection outside Barnes' clinics. As a part of her treatment, she was hospitalized a total of three times in April, July and September 1976.

The administrative law judge found that the employee had injured her lower back

during the course of her employment when the rollers of the bed stuck while she was pushing a patient in a hospital hallway. He further found a twenty percent "permanent partial disability of her body as a whole referable to the lower back and left leg" caused by a condition diagnosed as chronic lumbosacral strain and nerve root irritation. An award of compensation was based on that finding. The employee was also awarded the medical expenses for two of the outside physicians rendering treatment and for the cost of a back brace. The Labor and Industrial Commission affirmed the award and extended the coverage to include hospital expenses for the three times the employee was placed in Barnes by the outside physicians. The circuit court affirmed the Commission's award.

■ Before launching into the relative merits of the appeal, we indite the fundamental legal principles which serve as guideposts for our review of this workman's compensation case. First, we view the record in the light most favorable to the findings and award of the Commission, and its award is conclusive and is to be upheld if supported by competent substantial evidence. *Hendricks v. Motor Freight Corp.*, 570 S.W.2d 702 (Mo.App.1978); *Tillman v. Wedge Mobile Serv. Station*, 565 S.W.2d 653 (Mo.App.1978); *Hennecke v. Washington University*, 543 S.W.2d 525 (Mo.App.1976). Further, we may not substitute our judgment for that of the Commission nor set it aside unless the decision is clearly contrary to the overwhelming weight of the evidence. *Hendricks v. Motor Freight, Corp.*, supra; *Pulliam v. McDonnell Douglas Corp.*, 558 S.W.2d 693 (Mo.App.1977). Finally, any conflicts in evidence and the credibility and weight to be given to the testimony of the witnesses is for the Commission's determination with its findings in that regard conclusive upon the reviewing court. *Skinner v. Dawson Metal Products*, 575 S.W.2d 935 (Mo.App.1978); *Tillman v.*

*Wedge Mobile Serv. Station*, supra; *Simmons v. Wilson Freight Co.*, 549 S.W.2d 571 (Mo.App.1977).

■ The prologue of guiding precepts posted, we turn to Barnes' challenges to the Commission's award. The first point of alleged error concerns the exclusion of an exhibit containing a statement given on September 19, 1975, by the employee to a Barnes' nurse, four days after the injury. The statement was written by the nurse and offered by Barnes as an exhibit of a medical record. The statement, prepared by the nurse, attributes to the employee the following cause of her accident:

"C/o [complains of] low back pain since 9–15–75, states has been unable to work. Relates onset of pain to "moving beds" on duty. Did not & does not wish to complete injury report as she states she is uncertain of cause. States has been treated for back problems 2 + [times] in past previous to employment at BH . . . . ."[1]

The exhibit was first rejected, then admitted by the hearing judge. The objection was made by the employee to its admission under § 287.215, RSMo Supp.1975, on the ground that she had not been furnished a copy of the report. The objection was initially sustained, then overruled, and the exhibit was admitted. However, in his award the administrative law judge again ruled against the admissibility of the statement.

Barnes claims that the statement admission is essential to a determination of an issue before the administrative law judge—whether the employee sustained an "accident" under § 287.020.2 RSMo Supp.1975.[2] Barnes asserts that the language in the hospital record, "did not and does not wish to complete injury report as she states she is uncertain of cause", fully refutes that the cause of her injury was due to the accident reported by reason of the bed wheels locking. We are not persuaded that either par-

---

1. The employee does not dispute her history of prior back problems and there is evidence to substantiate that she had fully recovered from them prior to the accident under consideration in this case.

2. Section 287.020.2, RSMo Supp.1975, was in effect at the time of the hearing. Section 287.-020.2, RSMo 1978, has since been enacted.

ty's case rises or falls on the admissibility of the foregoing statement. It is no more than what a Barnes' nurse had written down as allegedly being reported to her by the employee. The nurse did not recall the particular statement, and it seems to contain a little something for each party—the argument that the accident occurred, as the employee adjures, in pushing a hospital bed and, as far as Barnes is concerned, that the employee did not know the cause. We view the acceptance or the rejection of the statement as having little value to the denouement of this appeal. Barnes produced four hospital records from its emergency room and orthopedic clinic which were consistent with its theory that claimant had not suffered a § 287.020.2 accident. The portion of the rejected statement which Barnes claims would favor it is no more than cumulative and does not add anything to the existing probabilities. *Sampson v. Missouri Pac. R. Co.*, 560 S.W.2d 573 (Mo. banc 1978).

■ Barnes stresses that the award must fail as it was not supported by substantial evidence. It invokes the precept that "The contradictory testimony of a single witness relied on to prove a fact does not constitute substantial evidence and is not probative of that fact in the absence of an explanation or other circumstances tending to explain the contradiction", citing *Adelsberger v. Sheehy*, 332 Mo. 954, 59 S.W.2d 644 (1933); *Griggs v. A. B. Chance Co.*, 503 S.W.2d 697 (Mo.App.1973); *Morgan v. Krey Packing Co.*, 454 S.W.2d 939 (Mo.App.1970). And, indeed, we do not enervate that fine postulation of law. But the cases relied on by Barnes are not particularly felicitous here, for in each of the three, the single medical witness upon which the employee relied was weak, vacillating and contradictory within his own testimony. Such is not the situation here. The employee was positive and uncontradictory in her own testimony as to the cause of her accident. True, Barnes presented evidence by medical records to contradict the employee, but the medical

records here are no more than statements prepared by hospital employees. There is no presumption that they are infallible or conclusively binding on the trier of fact. They merely provide a conflict between the employee's version of the accident and the medical records prepared by others, with the conflict and the value of each to be resolved by the Commission. *Skinner v. Dawson Metal Products*, supra; *Conley v. Meyers*, 304 S.W.2d 9 (Mo.1957). See also: *Griffin v. Evans Electrical Constr. Co.*, 529 S.W.2d 172 (Mo.App.1975). We cannot say that the Commission's findings as to the cause of the accident were not supported by competent and substantial evidence nor contrary to the overwhelming evidence. *Id.*

Finally, Barnes argues that all of the employee's medical expenses which were included in the award were incurred 90 days after the injury occurred, and because of the employee's failure to seek a special order under § 287.140.1, RSMo 1969,[3] authorizing the additional treatment it may not be held liable for them.

■ All of the medical expenses were incurred after March 13, 1976, more than 90 days after the injury. There is no evidence that the employee sought a special order or that Barnes waived its statutory rights under § 287.140.1, RSMo 1969, by authorizing comprehensive medical care while fully aware of the extent of the injuries and paying for the cost of such care beyond the statutory requirement. *See: Stephens v. Crane Trucking, Inc.*, 446 S.W.2d 772 (Mo. 1969).

It is irrelevant to the finding of a waiver, contrary to what the employee asserts, that her medical expenses were incurred either at the employer-insurer's hospital or in seeing physicians who worked at Barnes Hospital. The issue is whether Barnes authorized these physicians and their method of treatment for the employee; it did not. Since there has been no waiver or special order, Barnes is not liable for the medical expenses incurred after March 13, 1976. *Gill*

---

**3.** Section 287.140.1, RSMo 1978, differs from § 287.140.1 RSMo 1969, in effect at the time of the hearing.

*v. Massman Construction Co.*, 458 S.W.2d 878 (Mo.App.1970).

The employee has also made claim for damages for frivolous appeal under Rule 84.19. We deny the claim.

The judgment as to the award of medical expenses is reversed. It is affirmed in all other respects.

REINHARD, P. J., and CRIST, J., concur.