**Wayne TILLMAN, Plaintiff-Appellant,**

v.

**WEDGE MOBILE SERVICE STATION,**
**Employer-Defendant-Respondent,**

and

**Royal-Globe Insurance Company,**
**Insurer-Defendant-Respondent.**

No. 38894.

Missouri Court of Appeals,
St. Louis District,
Division 2.

Feb. 21, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 10, 1978.

Application to Transfer Denied
June 15, 1978.

Ray A. Gerritzen, St. Louis, for plaintiff-appellant.

Ray Robert L. Nussbaumer, Kortenhof & Ely, St. Louis, for employer-insurer-defendants-respondents.

Gene R. Spengel, Jr., St. Louis, Carroll J. McBride, Jefferson City, for State of Missouri second injury fund.

REINHARD, Judge.

This is a proceeding under the Workmen's Compensation statute, §§ 287.010 et seq. RSMo.1969. The Circuit Court of the City of St. Louis affirmed the award of the Labor and Industrial Relations Commission, denying compensation to the employee.

The employee's evidence showed that he sustained an injury in the course of his employment. The employee was attempting to change a truck tire when one of the wheel bolts broke, flew off, and struck him in the head above the eye. The force of the impact caused employee to stumble abruptly backwards and to jerk his neck. Employee sustained a laceration and was driven to the hospital, where the wound was sutured. The sole issue was whether the employee suffered a permanent partial disability.

In this regard, the opinions of several physicians were elicited. Dr. James McFadden, Jr., a surgeon, testified on his behalf. A series of examinations revealed no objective injury. However, an x-ray diagnosis supplied by a radiologist led Dr. McFadden to conclude the employee had a 12% permanent partial disability.[1]

In addition to evidence provided by Dr. McFadden, the report of Dr. Ralph Graff was admitted into evidence by consent of the parties. Based on his physical and neurologic examination, Dr. Graff concluded the employee had no disability.

During the proceedings before the referee, the employer sought to introduce the deposition of Dr. George Hawkins, in which the latter stated his conclusion that employee suffered no disability resulting from the accident. Attorney for the employee objected on the grounds a showing that Dr. Hawkins was not available to testify had not been made. Following some discussion, the referee agreed and declared a recess to allow the proponent of the deposition an opportunity to establish a proper foundation for its admission. The following day, Pete Venezia, a shorthand reporter, testi-

1. Dr. McFadden concluded the employee had an asymptomatic condition of juvenile epiphysitis prior to the accident and that trauma to the head and neck, resulting from the accident caused the condition to become symptomatic. Thus, according to Dr. McFadden, the employee had a permanent condition prior and unrelated to the accident which was aggravated as a result of the accident.

fied over employee's objections that he had attempted to serve, earlier that morning, a notary public subpoena on Dr. Hawkins at the latter's office. Venezia was met by Dr. Hawkins' secretary and was told the doctor was in surgery. On the back of the subpoena Venezia made the following notation: "Attempted service 10–8–75. In surgery. Nurse will not accept." Over employee's hearsay objection, the subpoena was admitted into evidence.

Thereafter, during a recess, the referee placed a telephone call to Dr. Hawkins office and was told by his secretary the doctor was engaged in practice on that particular day and on the previous day. The referee advised the parties of the phone conversation, to which attorney for the employee objected. The deposition of Dr. Hawkins again was offered in evidence, and satisfied that a proper foundation had been laid, the referee overruled employee's objection to its admission. The referee found that the employee suffered no permanent partial disability and awarded no compensation to the employee. The Commission affirmed the award and adopted the referee's findings of fact, rulings and conclusions of law.

Employee contends the deposition of Dr. Hawkins was inadmissible absent competent evidence that the doctor was not available to testify at the time the deposition was offered in evidence and that as a result thereof, the case should be reversed and remanded. He cites Rule 57.07(a)(3)(C), which provides:

"The deposition of any witness who is not present in court may be used by any party for any purpose if the court finds: * * * that the witness is a judge of a court of record, a practicing attorney or physician and engaged in the discharge of his official or professional duty at the time of trial; * * * "

Subsection (b) of Rule 57.07 states:

"The facts which would authorize the use of the deposition may be established by

the testimony of the deposing witness or by the certificate of the officer taking the deposition or by any competent evidence."

In admitting the deposition, the referee ruled that the foundation requirement set out in Rule 57.07(b) had been satisfied. In his findings of fact and rulings of law, however, the referee specifically stated that his decision to deny compensation would be the same even if the deposition were found to be inadmissible, inasmuch as the report of Dr. Graff itself was sufficient basis for such a determination.

The Commission affirmed, but concluded the Rules of Civil Procedure do not apply in Workmen's Compensation proceedings. The circuit court took the position that, although in general the rules do not apply in Workmen's Compensation cases, Rule 57.-07 in particular does apply. We agree with the finding of the circuit court. See *Groce v. Pyle,* 315 S.W.2d 482, 492 (Mo.App.1958); § 287.560, RSMo.1969.

■ Section 287.560 provides for the taking and use of depositions in Workmen's Compensation proceedings "in like manner as in civil cases in the circuit court," and we find nothing to suggest the legislature intended something other than the plain meaning of this language. Rule 57.07 controls the use of depositions in court proceedings, and, by virtue of § 287.560, controls in like manner their use in Workmen's Compensation proceedings.

■ Accordingly, the condition precedent to the admission of Dr. Hawkins' deposition was the establishment by competent evidence[2] of a proper foundation for its admission. The burden to show its admissibility is on the party offering the deposition, *Null v. Gray,* 534 S.W.2d 823, 826 (Mo.App.1976), and admissibility must be determined by reference to the ground on which it is offered and to the factual basis proved by the party offering the deposition

---

**2.** There was no indication in the deposition that the doctor would be engaged in the discharge of his professional duties at the time of trial. Nor was a certificate of the officer taking the

deposition presented. The employer therefore was obliged to introduce other competent evidence. Rule 57.07(b).

at the time the offer is made.[3] *Jenni v. E. R. B. Land, Inc.,* 541 S.W.2d 743, 752 (Mo. App.1976).

Employer sought to have the doctor's deposition admitted on the ground that he was engaged in professional duties and therefore was not available to testify. The circuit court concluded there was insufficient competent evidence to lay such a foundation. We agree. The only evidence of the doctor's unavailability was the statement of his secretary, testified to by Venezia and acknowledged by the referee following his telephone inquiry, to the effect he was in surgery. Such evidence was predicated on hearsay and was not competent.[4]

In this case, the failure to comply with the requirements of Rule 57.07 compelled the exclusion of the doctor's deposition. We are not required, however, to reverse the decision of the Commission because of the admission of the deposition. It is the function of this court, on an appeal in a Workmen's Compensation case, to review the whole record, including legitimate inferences to be drawn therefrom, in a light most favorable to the award of the Industrial Commission. We cannot substitute our judgment for that of the Commission, rather, we must uphold the decision of the Commission if it is supported by competent and substantial evidence. *Miller v. Sleight & Hellmuth Ink Co.,* 436 S.W.2d 625 (Mo. 1969); *Lindquist v. Container Corp. of America,* 537 S.W.2d 676 (Mo.App.1976); *Raef v. Stock-Hartis, Inc.,* 416 S.W.2d 201 (Mo.App.1967); *Cowick v. Gibbs Beauty Supplies,* 430 S.W.2d 626 (Mo.App.1968).

Apart from the deposition of Dr. Hawkins, there was substantial competent evidence to support the Commission's award, to wit, the report of Dr. Graff. Hence the erroneous admission of the deposition does not warrant setting aside the award. See *Vickery v. ACF Industries, Incorporated,* 454 S.W.2d 620 (Mo.App.1970); *Johnson v. Park N Shop,* 446 S.W.2d 182 (Mo.App.1969). Cf. *Caldwell v. J. A. Kreis & Sons,* 72 S.W.2d 201 (Mo.App.1934). Employee argues that in any event, the referee should have made an award for disfigurement.[5] The referee found the employee's scar did not constitute a disfigurement which would affect his ability to obtain employment. Based upon the record and the scope of our review, we cannot disturb the referee's finding.

Finally, employee contends he was denied a fair and impartial trial because the referee failed to maintain a neutral and objective stance throughout the proceeding. As evidence of bias, employee points to the conduct of the referee in telephoning the doctor's office to ascertain the doctor's unavailability, and to comments by the referee respecting the employee's attorney's refusal to agree to the admission of the deposition. While we seriously question the propriety of such conduct, we cannot conclude employee's right to a fair and impartial hearing was impaired or in any way prejudiced. In the context of this proceeding, which is thoroughly detailed in the record, it is apparent the referee's conduct was a good faith attempt to resolve a difficult proce-

---

**3.** In their brief, respondents argue the deposition was admissible under Rule 57.07(a)(3)(E), which permits the use of a deposition of a witness not present in court if it is determined "that the witness resides in a county other than the one in which the trial is held; * * *" Respondents suggest the deposition was admissible because Dr. Hawkins resides in St. Louis County and the hearing was held in the City of St. Louis. This, however, was not the ground on which respondents sought to have the deposition admitted, and no evidence of Dr. Hawkins' residency was presented.

**4.** Rule 57.07(b) states that facts which would authorize use of the deposition may be established by "*any* competent evidence." (Emphasis added). The rule is not restrictive as to

what types of competent evidence will satisfy the requirements for admissibility, nor have our courts been strict in this regard. Clearly, the rule allows for the laying of a proper foundation at the time of the taking of the deposition. No such attempt was made here.

**5.** Section 287.190(4) provides:

"If an employee is seriously mutilated or permanently disfigured about the normally exposed parts of the body, the division or the commission may allow such additional sum for the compensation on account thereof, as it may deem just, based upon the handicap suffered by the injured employee in obtaining employment; * * *"

dural matter. We are not persuaded that the employee's substantive rights were impaired, or that a thorough consideration of the merits of the case was not duly accorded him.

Moreover, on appeal, it is the award of the Industrial Commission, not the finding of the referee, which we review. The findings of the referee are in no way binding upon the Commission. The Commission reviews the record and, when appropriate, determines the credibility of the witnesses and the weight to be given their testimony, resolves any conflicts in the evidence, and reaches its own conclusions independently of the referee's findings. *Begey v. Parkhill Trucking Co.,* 546 S.W.2d 529, 532 (Mo.App.1977). Thus, even if the initial proceeding were tainted by the injudicious conduct of the referee, the Commission was impelled to reach its own decision free of any influence which earlier might have infected the case.

For the aforegoing reasons, we affirm the Commission's final award denying compensation.

STEWART, P. J., and STEPHAN, J., concur.