Heinz GOLD, Plaintiff-Appellant,

v.

SHARP, KIDDE, WEBB and Aetna Casualty & Surety Company, Defendants-Respondents.

No. KCD 29247.

Missouri Court of Appeals, Kansas City District.

April 3, 1978.

Harold J. Maddox, Kansas City, for plaintiff-appellant.

James F. Stigall, Kansas City, for defendants-respondents.

Before SOMERVILLE, P. J., and PRITCHARD and DIXON, JJ.

DIXON, Judge.

Employee-appellant seeks review of a decision of the Circuit Court of Jackson County affirming an award of the Missouri Industrial Commission which denied employee's claim for workmen's compensation benefits. The issue to be determined is whether the employee sustained an injury by accident within the meaning of § 287.120 RSMo 1969. The Commission found no such accident, and the Circuit Court found there was sufficient competent evidence to justify the Commission's award. Affirmed.

The evidence discloses that the employee was employed by Sharp, Kidde, and Webb as a cement finisher, that the employer was fully insured by Aetna and operating under the provisions of the Missouri Workmen's Compensation Law. The work of the employee involved setting forms and labor work, using a shovel and pick, and driving stakes. Although not always the labor of the employee, occasionally the cement finishers would remove stakes which were ordinarily removed by labor employees. On this particular job, they had been doing so for three months prior to the date of the accident. The employee was accustomed to working with both wooden stakes and steel stakes. The employee claimed that during the latter part of September, 1972, he was removing steel stakes and that *every time* he pulled a steel stake from the ground he felt a strain in his back. Specifically, on September 29, 1972, the employee was removing steel stakes. That evening, he went dancing with his wife, and while they were dancing, his back began to hurt. The next day on a shopping excursion he again suffered back pain, but on October 1, he went bowling. October 2, he was disabled with pain in his back, and the medical evidence is that he suffered from a protruded intervertebral disc. The employee acknowledged that he had been suffering from back trouble off and on for twenty years and that his back motion had been limited some

time prior to the accident. He had been treated for back pain, fitted for a back brace, received physical therapy and had been placed in traction for these prior complaints. In a 1966 ladder accident, he had landed on his shoulder and back. As to the instant claim, the employee admitted he did not know *when* he injured his back, and he had not noticed any pain when he was removing the steel stakes. There was no evidence of any slip, fall, unusual occurrence, or abnormal strain involved in the testimony before the referee.

The employee sets forth in one point containing five subpoints a claim of error that the award was not based on competent and substantial evidence and was contrary to the overwhelming weight of the evidence. The subpoints relate to a variety of complaints about the referee's findings of the early back complaints, employee doing the same kind of work, that the work was the regular employment of the employee, and that there was no difference in pulling wooden or steel stakes from the ground. As to this last claim of erroneous finding, the record contains no such finding. The principal point is a general cumulative claim that the finding of no compensable accident because of overexertion or abnormal strain was error.

Taken altogether, the only point to be decided is the general point that the award was not based on competent and substantial evidence and was contrary to the overwhelming weight of the evidence. Under § 287.120 RSMo 1969, the statutory language pertinent to the payment of compensation to a claimant for injury or death must be by reason of an "accident arising out of and in the course of his employment, . . . ." Section 287.020(2) RSMo Supp. 1974, defines accident as "an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury." The fact of injury alone does not constitute an event or accident within the meaning of the statute. *Herring v. Safeway Stores, Inc.,* 499 S.W.2d 538 (Mo. App.1973). If an employee suffers an injury resulting from a mere strain while he is engaged in doing his normal or customary duties without variance from his normal routine, it is not a compensable accident within the meaning of the statute unless it was preceded or accompanied by some unusual occurrence such as a slip, fall, or abnormal strain. *Mason v. F. W. Strecker Transfer Company,* 409 S.W.2d 267 (Mo. App.1966). However, "[i]njuries produced by strains which are normal for the job to be performed in a customary fashion are not compensable although the amount of straining may be great or would be considered abnormal in other classes of employment or if performed in an abnormal manner under unusual circumstances. Cf. *Hinderliter v. Wilson Brothers,* Mo.App., 412 S.W.2d 558; *Hall v. Mid-Continent Manufacturing Company,* Mo.App., 366 S.W.2d 57." *McClain v. Yellow Cab Company,* 439 S.W.2d 200, 203 (Mo.App.1969). "[T]he expenditure of merely more physical energy while the workman is performing his ordinary duty in a normal manner without proof of overexertion or excessive strain does not constitute an abnormal or unusual strain . . . ." *Id.* at 205. Furthermore, the mere performance of a hard or laborious task accomplished in a manner intended and unattended by any untoward occurrence does not constitute an accident under the Workmen's Compensation Law. *Bauer v. Independent Stave Company,* 417 S.W.2d 693 (Mo.App.1967); *Meldrum v. Southard Feed & Mill Co.,* 229 Mo.App. 158, 74 S.W.2d 75 (1934). An employee with a latent pre-existing condition whose disability or death is caused or hastened by the normal exertion required by the nature of his work does not sustain a compensable injury. *State ex rel. Hussman-Ligonier Co. v. Hughes,* 348 Mo. 319, 153 S.W.2d 40 (1941); *DeLille v. Holton-Seelye Co.,* 334 Mo. 464, 66 S.W.2d 834 (1933).

The review of the record of a compensation claim is upon the whole record in the light most favorable to the decision, deferring to the Industrial Commission when it resolves issues concerning the credibility and weight to be given to conflicting

evidence and to affirm when the decision is supported by competent and substantial evidence. *Bone v. Daniel Hamm Drayage Company,* 449 S.W.2d 169 (Mo.1970); *Roux v. Dugal's Big Star Food Store,* 510 S.W.2d 810 (Mo.App.1974); *Oder v. St. Joe Minerals Corp.,* 484 S.W.2d 487 (Mo.App.1972). When, as here, the issue to be resolved depends entirely upon the testimony of claimant or employee as to whether an accident occurred, the issue of whether an accident occurred becomes a question of law. *McClain v. Yellow Cab Company, supra.*

■ Considering the claimant's evidence in light of that rule, it shows no accident. Paraphrased, the evidence shows a history of back difficulty of over twenty years with X-rays taken on the occasion of the claimant's fall from a ladder indicating a narrowing of the space between the fourth and fifth lumbar vertebrae, the location of his ultimate surgical intervention. Claimant said he was required to drive and remove the steel stakes in setting up and removing forms for about three months prior to the date of September 29, 1972. He asserted that he experienced a straining of the back each time he removed a steel stake, but never felt any sharp, sudden onset of pain. Significantly, he did not know *when* he hurt his back. His testimony, taken as a whole, shows no more than the performance of his normal duties in a routine manner. Specifically, the employee admitted he was engaged in pulling stakes for three months and at no time was there any difference in the strain involved. There was no evidence that he was doing something beyond and different from his normal routine, nor that he was exposed to any unusual strain, nor that he slipped, tripped, fell, twisted, or turned. There was no evidence of any unusual occurrence. There is simply no evidence upon which a finding of a compensable accident could be found, and there is substantial and competent evidence upon which the Commission could have found that no accident occurred.

The judgment of the Circuit Court affirming the denial of compensation by the Industrial Commission is affirmed.

All concur.