Vincent BERARDINO, Appellant,

v.

GENERAL MOLDING, INC., P.D. George Company, and Federal Meat Company, Employers-Respondents,

and

Liberty Mutual Insurance Co., Bituminous Casualty Co., Continental Casualty Co., and Commercial Union Insurance Co., and International Insurance Co., Insurers-Respondents.

No. 41085.

Missouri Court of Appeals, Eastern District, Division Three.

July 17, 1979.

Morris B. Kessler, St. Louis, for appellant.

John R. Dixon, Evans & Dixon, Frank Lahey, St. Louis, for respondents.

REINHARD, Presiding Judge.

Employee appeals from an order of the circuit court sustaining the decision of the Labor and Industrial Relations Commission denying his claim for Workmen's Compensation benefits.

Employee had worked for employer and its predecessors for over 30 years. Employer is generally engaged in the business of manufacturing such products as tropical helmets, duck decoys, automotive parts, rocket nose cones and various other products. Employee filed his claim for compensation alleging that he had contracted a lung disease which was caused by his inhalation and ingestion of "poisonous, noxious, dangerous, hazardous, and deleterious chemicals, minerals, fumes, dusts, gasses or other substances" while in the course of his usual occupation. He therefore alleged that he was entitled to benefits under the "occupational disease" provisions of the Workmen's Compensation Act.

Both sides presented medical experts with the testimony in conflict as to the employee's medical condition and its cause. Employee's two doctors found that his lung condition was caused by the inhalation of asbestos fibers over a long period of time.[1]

The employer's four medical experts concluded that the employee suffered from lung conditions caused by excessive smoking throughout his adult life. They found no evidence of asbestosis.

Evidence of employee's exposure to asbestos was presented by employee and Delbert Chrum. Chrum worked for the employer from 1957 to 1973. He testified that he saw 5 or 6 bags of asbestos on a skid and used asbestos one time while working for employer. Employee testified that he had used asbestos products and experimented with asbestos while working for employer.

The President of the employer was a professional engineer. His father founded the company in 1942. The President had been in charge of the company since 1946, but was familiar with the operations of the company from the time of its founding. He was in control of all formulas used in manufacturing the company's various products, and was in charge of ordering all materials used in the formulas. He testified that no asbestos in any form was ever used by employer, either in products manufactured by employer or experimentally in the devel-

opment of any product. He also stated that no asbestos was ever purchased by employer. Several other long time employees also testified that asbestos had not been used by the employer. The employer's formula cards then in existence were produced and not one of these formulas contained asbestos as an ingredient.

The "referee", now Administrative Law Judge, denied employee's claim for relief finding that the employee was not exposed to asbestos fibers. He therefore found that the employee failed to prove that his condition of disability was caused by any "occupational hazard." The Labor and Industrial Relations Commission affirmed the award of the referee denying compensation. Employee sought judicial review in the circuit court which affirmed the commission.

On appeal in a Workmen's Compensation case, we review the whole record, including legitimate inferences to be drawn therefrom, in a light most favorable to the award of the Commission. We must uphold the decision of the Commission if it is supported by competent and substantial evidence. *Tillman v. Wedges Mobile Serv. Station,* 565 S.W.2d 653 (Mo.App.1978). The Commission is charged with the responsibility of passing upon the credibility of all witnesses and may disbelieve testimony of a witness though no contradictory or impeaching evidence appears. *Peterson v. Central Pattern Co.,* 562 S.W.2d 153 (Mo. App.1978). In a compensation proceeding, the testimony of any medical witness should be appraised and weighed in its entirety. The Commission's acceptance between conflicting medical opinions or conclusions cannot be disturbed on review unless conclusions accepted were against the overwhelming weight of evidence. *Vogel v. Hall Implement Co.,* 551 S.W.2d 922 (Mo.App.1977); *Stegall v. St. Joseph Lead Co.,* 465 S.W.2d 855 (Mo.App.1971).

We have examined the record of over 600 pages and have concluded that based on the above standards the Commission's order is supported by substantial competent evi-

---

1. They testified as to other substances contributing to the condition.

dence. The judgment of the trial court affirming the Commission order is affirmed.

Affirmed.

GUNN and CRIST, JJ., concur.