**Ernest NICHOLS, Appellant,**

v.

**ADAMS TREE SERVICE, Respondent.**

**No. 41106.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 11, 1979.

LeRoy Crouther, Jr., St. Louis, for appellant.

Joseph L. Leritz, St. Louis, for respondent.

REINHARD, Judge.

Employee appeals from the order of the circuit court affirming the final order of the Labor and Industrial Commission which denied his claim for Workmen's Compensation benefits.

The plight of this employee arises out of a most unusual set of circumstances. On February 1, 1979, the employee worked for employer's tree trimming and landscaping business. Part of employee's job entailed driving a company truck. On that day, being unable to complete an assignment in Gumbo, Missouri due to equipment failure, the employee returned to St. Louis. The employee attempted to reach his employer with no avail. Thereafter, he drove to a tavern in the company's truck to arrange for a ride home from work. After about forty minutes the employee left the tavern and drove to the company's lot where he parked the truck. Thereafter, he returned to the tavern.

While leaving the tavern's parking lot, the employee unknowingly hit a car owned by a woman who ran the confectionary located across the street from the tavern.[1] The woman, Mrs. Hall, immediately called Mr. Adams, president and controlling shareholder of employer, to inform him that she had seen employer's truck (which had the company's name on the side of the vehicle) strike her parked car. Mr. Adams went to talk with Mrs. Hall. Upon his arrival at the confectionary, Mr. Adams was informed by Mrs. Hall that she had just seen employee return to the tavern.

Mr. Adams went to the tavern and requested employee to step outside to discuss his "hit and run." At this point, the testimony of employee and that of Mr. Adams differ.

Employee maintains that when he followed his employer's command and went outside, he and Mr. Adams argued and Mr. Adams slapped him twice across the face. The employee asked Mr. Adams: "Why did you hit me for?" Mr. Adams replied, "Ah, go home" and then crossed the street. Thereafter the employee followed, intending to retaliate for the earlier slaps. Employee testified that as he raised his arm to hit Mr. Adams, Mr. Adams punched him causing him to fall on the ice. Employee further maintains that Mr. Adams then kicked him twice in the leg.

According to Mr. Adams, employee initially refused to go outside of the tavern which forced the two to argue about the car accident while in the tavern. Mr. Adams told the employee: "You can't work for me no more." Thereafter, employee "really got hot." Mr. Adams left the tavern. Employee followed Mr. Adams out of the tavern and swung at him. Mr. Adams pushed him away telling him to go back into the tavern. Mr. Adams crossed the street and the employee followed. The employee swung again at Mr. Adams who blocked the blow and pushed the employee. The employee slipped on the ice and fell under Mr. Adams' car.

---

1. Employee admitted hitting the car during the hearing in front of the referee.

Mr. Adams' version of the incident was corroborated by two witnesses: Mrs. Annie Mae Hall, the owner of the confectionary and the damaged vehicle, and Mr. Harrion Hall, Jr., her husband.

Regardless of the validity of either version, the employee suffered a broken leg and as a consequence, disability. Testimony was taken and exhibits offered regarding medical treatment and the extent of disability.

The above noted testimony was solicited during a hearing in front of a referee, now administrative law judge, of the Division of Workmen's Compensation. The administrative law judge noted in his findings of fact and rulings of law that the sole issue for determination was whether the injury arose out of and in the course of employment. He found that on the day in question 1.) employee had finished his work for the day when he parked the employer's truck on the employer's parking lot; 2.) that by complying with his employer's request to come out of the lounge to discuss the damage to the hit car, employee "temporarily resumed the status of an employee acting in the course and scope of his employment;" 3.) that employee's "reacquired work status that day lasted only a brief period, and that it terminated when his employer urged him to go his way, and then left claimant and crossed over to the other side of the street;" 4.) that employee followed his employer across the street attempting to strike him and in doing so slipped and fell on the ice thereby sustaining an injury to his leg and 5.) that the actions of "following his employer across the street and attempting to strike him were in neither the course nor scope of his employment," and therefore, his resultant injury was not compensable.

Employee sought review of these findings and rulings by the Labor and Industrial Commission of Missouri. The Commission affirmed the administrative law judge's order. Thereafter, employee sought judicial review in the circuit court of the City of St. Louis which affirmed the Commission's decision.

Employee raises one point of error: that the trial court erred in affirming the final order of the Labor and Industrial Commission because said order was not supported by competent and substantial evidence upon the whole record. Employee maintains that employee re-acquired his employee-status during an employment-related discussion initiated by employer and that an assault by the employer on the employee resulted from and was contemporaneous to said discussion.

■ On appeal, we must review the whole record, including legitimate inferences which can be drawn therefrom, in the light most favorable to the Commission's award. We cannot substitute our own judgment and must affirm the Commission's decision if there is competent and substantial evidence. *Tillman v. Wedge Mobile Serv. Station*, 565 S.W.2d 653, 657 (Mo.App.1978). The Commission has the responsibility of passing upon the credibility of all witnesses. *Berardino v. General Molding, Inc.*, 586 S.W.2d 365, 366 (Mo.App. 1979).

■ Here, we have examined the record and conclude that based on the above standards, the Commission's order affirming the administrative law judge's award is supported by competent and substantial evidence.

Judgment of the trial court affirming the Commission's Order, Decision and Final Award is affirmed.

DOWD, P. J., and CRIST, J., concur.