**Jimmie M. DORRIS, Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, Missouri Division of Employment Security, and Meramec Mining Company, Respondents.**

No. 41701.

Missouri Court of Appeals, Eastern District, Division Three.

March 4, 1980.

Thomas J. Briegel, I. I. Lamke, Union, for appellant.

Larry R. Ruhmann, Rich V. Morris, D. J. Chatfield, Kevin M. Hare, Labor and Industrial Rel. Comm., Jefferson City, for respondents.

CLEMENS, Senior Judge.

Plaintiff Jimmie M. Dorris was discharged by his employer, defendant Meramec Mining Company, for alleged unauthorized possession of fourteen sticks of the company's dynamite found in plaintiff's abandoned automobile.

Plaintiff appeals the denial of his claim for allowances as an "adversely affected worker" under Chapter 2, Title II of the Trade Acts of 1974, 19 U.S.C.A. 2311. Rules and Regulations of the United States Department of Labor, Federal Register, Volume 40, No. 71, provide that an *adversely affected worker* is one "who *because of lack of work* in adversely affected employment . . . (h)as been totally or partially separated from such employment . . . ." (Our emphasis.)

Under Section (d) of the Trade Act determination of rights to benefits by Missouri's Labor and Industrial Relations Commission is subject to judicial review in the same manner as unemployment benefit claims, namely Section 288.210, RSMo. 1978. Thereunder, "the findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law."

Plaintiff's claim was denied in turn by the Division's Deputy, its Appeals Referee, the Appeals Tribunal, and by the Labor and Industrial Commission. The Commission upheld the Appeals Tribunal's finding that plaintiff had been discharged by defendant "for reasons other than lack of work". On appeal the Circuit Court affirmed, finding the Commission's conclusions were supported by competent and substantial evidence.

On plaintiff's appeal here he contends the trial court erred in upholding the denial of benefits because the uncontested evidence showed plaintiff's actions were "done with the permission, acquiescence, and forebearance of the employer".

We review the evidence. Defendant's security supervisor testified local police had informed him plaintiff's car had been stolen and partly sunk in a lake; that there was dynamite inside. He went to the lake, inspected the car and in the trunk found 14 sticks of dynamite marked with the company's serial numbers. Company rules required a pass for removal of company property and no such pass had been issued.

Plaintiff testified he had reported to police that his car had been stolen and that there was dynamite inside. An unnamed boy had told plaintiff he had stolen the car and driven it into the lake. Plaintiff said he had found the dynamite "up on the railroad from the mine to Sullivan". He added that "its no big thing" to get dynamite from a foreman to blow stumps or dig a basement; on one past occasion a company manager had given him a pass to get dynamite.

"The review of the record of a compensation claim is upon the whole record in the light most favorable to the decision, deferring to the Industrial Commission when it resolves issues concerning the credibility and weight to be given to conflicting evidence and to affirm when the decision is supported by competent and substantial evidence." *Gold v. Sharp, Kidde, Webb*, 564 S.W.2d 612 [4–5] (Mo.App.1978).

Viewing the evidence in the light of Sect. 288.210, supra, we hold the Commission had competent and substantial evidence before it to warrant its conclusion that the employer discharged plaintiff "for reasons other than lack of work". It follows that the Circuit Court did not err in its judgment affirming the Commission's denial of benefits.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.