Patrick PETROVICH, Appellant,

v.

ORSCHELN BROTHERS TRUCK LINES,
INC., and Insurance Company of North
America, Respondents.

No. WD 31074.

Missouri Court of Appeals,
Western District.

Nov. 3, 1980.

Walter K. Disney, Kansas City, for appellant.

Robert A. Bailey, Jackson & Sherman, P. C., Kansas City, for respondents.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Patrick Petrovich filed a Workmen's Compensation claim for injuries allegedly received while performing his duties with Orscheln Brothers Truck Lines. The referee found Petrovich suffered temporary total disability and permanent partial disability and made an award. The referee refused to award medical expenses claimed by Petrovich to have been expended by him for the treatment of such injuries. The insurer of Orscheln appealed the disability finding and Petrovich appealed the refusal to award medical expenses. The Labor and Industrial Relations Commission made findings of fact and concluded Petrovich was not entitled to any compensation. On appeal the circuit court affirmed the Commission.

On this appeal Petrovich contends he should have been awarded compensation in accordance with the award made by the referee and should be allowed the medical expenses expended by him. Affirmed.

There is no dispute that Petrovich fell while in the course of his employment. He landed on his elbow and knee and there is

no real dispute that the injury to these parts was minor and cleared up with a minimum of medical expense, which was paid. The dispute in this case concerns the claim by Petrovich that the fall aggravated a pre–existing condition in his neck and back which necessitated extensive treatment and an operation. The medical evidence on behalf of Petrovich came from Dr. Hunt, who performed the operation and who stated that prior to the fall Petrovich had a compression of the nerve root in his spinal column which resulted from a smaller than normal spinal canal, together with spurring of the spinal column. Dr. Hunt stated that according to Petrovich he had not had any complaints related to this condition prior to the fall but that after the fall he suffered extensive pain and discomfort. Dr. Hunt expressed the opinion that if Petrovich had, in fact, been asymptomatic prior to his fall, then in his opinion the fall did cause the back to become symptomatic with pain, discomfort and disability.

Dr. Lichtor examined Petrovich on behalf of the insurer after the surgery of Dr. Hunt. He had available to him all of Petrovich's medical records. Dr. Lichtor testified that the history and present complaints given him by Petrovich and an examination of the x–rays which he took, together with the physical findings which he made, led him to conclude that the difficulties experienced by Petrovich were caused by a degenerative process in his spinal column which produced the neck, upper and lower back pain and disability. Dr. Lichtor stated in his opinion the fall did not produce any permanent injury or disability whatever. He stated the fall only caused bruises to the knee and elbow which required no significant treatment. Dr. Lichtor further stated in his opinion the fall did not aggravate any condition in the neck or back.

The Commission in its findings expressed considerable doubt about the credibility of Petrovich because of the numerous inconsistencies and contradictions contained in his testimony. The Commission further found that Dr. Hunt's opinion rested entirely on the accuracy of Petrovich's statement to Dr. Hunt that he had had no trouble with his back prior to the fall. The Commission found the record did not support this statement by Petrovich.

■ There is no doubt that the opinion of Dr. Hunt that Petrovich had aggravated a pre–existing condition in the fall depended wholly upon the truthfulness of Petrovich's statement that prior to the fall he had experienced no difficulty with his back. The Commission found this premise to be false and, therefore, found the opinion of Dr. Hunt not to be persuasive. There is ample evidence in the record to support the Commission's finding that Petrovich did, in fact, experience considerable difficulty with his back prior to the fall. There was evidence he had been involved in two automobile accidents with claimed injury to the back, and received chiropractic treatments to the neck once a month for a period of nine years prior to the fall.

■■ "The Commission reviews the record and, when appropriate, determines the credibility of the witnesses and the weight to be given their testimony, resolves any conflicts in the evidence, and reaches its own conclusions independently of the referee's findings." *Tillman v. Wedge Mobile Serv. Station,* 565 S.W.2d 653, 658[11–14] (Mo.App.1978). Further, this court defers to the Commission when it resolves issues concerning the credibility and weight to be given to conflicting evidence. *Gold v. Sharp, Kidde, Webb,* 564 S.W.2d 612, 614[4, 5] (Mo.App.1978).

This court must affirm the decision of the Commission if it is supported by competent and substantial evidence. *Tillman* at p. 657[6, 7]. Petrovich does not contend on this appeal that the decision of the Commission does not rest on substantial and competent evidence, but rather stresses only the testimony of Dr. Hunt to the exclusion of the testimony of Dr. Lichtor and argues the Commission should have accepted Dr. Hunt's opinion. It is not surprising that the Commission failed to accept Dr. Hunt's opinion in view of the fact it rested entirely on the statement made to Dr. Hunt by Petrovich that his back was asymptomatic

**834**

prior to the fall when the Commission found this assertion not to be credible.

 Petrovich further urges this court to accept the findings made by the referee and order an award consistent with his findings. On this appeal this court does not review the findings of the referee but reviews only the findings of the Commission. *Tillman* at p. 658[11–14].

The findings of the Commission are supported by substantial and competent evidence and no reason appears why such findings should be disturbed.

The judgment is affirmed.

All concur.