Betty J. POWELL, Claimant,

v.

BUTLER MANUFACTURING COMPANY, Employer.

No. WD 33917.

Missouri Court of Appeals,
Western District.

May 3, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied June 28, 1983.

Application to Transfer Denied
Aug. 16, 1983.

Stanley L. Wiles, Kansas City, for claimant.

Jeff O'Connor, Kansas City, for employer.

Before DIXON, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

This is an appeal from an award of the Labor and Industrial Relations Commission of Missouri, denying the workers' compensation claim of Betty J. Powell. We reverse and remand the case to the Commission for rehearing.

Claimant Betty J. Powell, an employee of Butler Manufacturing Company, was assigned to the duty of bundling staves, a new and unaccustomed task. This task involved inserting a bolt and nut at the top and at the bottom of a bunch of staves which had been placed upon a cart. She could not get in position to insert the bottom bolt without kneeling, an unaccustomed exercise. She knelt repeatedly in the performance of her task. After the first hour, during which she knelt probably eight to ten times, her knee began to swell. She received treatment from a plant nurse and worked no more on that day. She experienced soreness and stiffness in her knee during the months that followed, continuing, she testified, up to the time of the hearing. After three weeks at the stave-bundling task, a physician recommended that she be assigned a different duty.

The Labor and Industrial Relations Commission denied Mrs. Powell's claim for compensation on the threshold ground that there was no "accident" within the meaning of § 287.020.2, RSMo (Supp.1980), as that term had been defined in *Crow v. Missouri Implement Tractor Co.*, 307 S.W.2d 401, 405

(Mo. banc 1957), and in *Gold v. Sharp, Kidde, Webb,* 564 S.W.2d 612, 614 (Mo.App. 1978). It therefore did not reach the contested issues of causation, nature and extent of disability, and the employer's liability for certain medical expenses.

The nub of the decision was in the following language of the administrative law judge of the Division of Workers' Compensation, adopted by the Commission on review.

I further find that from all the credible evidence the employee was not subjected to an unusual or abnormal strain by reason of assuming a kneeling position and securing the bundles with a nut and bolt.

I, therefore, find and believe from all of the credible evidence that the employee did not sustain an accident within the meaning of the law....

The decision cited for authority the *Crow* and *Gold* cases, supra.

Since the administrative law judge's findings and award dated March 23, 1982, adopted by the Labor and Industrial Relations Commission upon review on May 24, 1982, the Missouri Supreme Court has decided the case of *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781 (Mo. banc 1983). That case broadens the definition of "accident" within the meaning of § 287.020.2, as the term had been interpreted in earlier cases. *Wolfgeher* overrules earlier cases inconsistent with its holding and, since it involves substantive rather than procedural principles, it is retroactive in effect. *Shepherd v. Consumers Cooperative Association,* 384 S.W.2d 635, 640 (Mo. banc 1964); *Roth v. Roth,* 571 S.W.2d 659, 672 (Mo.App.1978).

The award of the Commission is reversed and the claim is remanded for rehearing, to determine all the issues in the case, including whether Mrs. Powell suffered an accident within the meaning of § 287.020.2 and *Wolfgeher,* supra. See *John Epple Construction Co. v. Labor and Industrial Relations Commission,* 647 S.W.2d 926 (Mo.App. 1983); *Chemtech Industries, Inc. v. Labor and Industrial Relations Commission,* 617 S.W.2d 121 (Mo.App.1981); *Lawson v. Vendo Co.,* 353 S.W.2d 113 (Mo.App.1961).

All concur.