Gordon OLDS, Employee–Appellant,

v.

TREASURER, STATE OF MISSOURI, as
Custodian of Second Injury Fund,
Defendant–Respondent.

No. 63326.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 2, 1993.

Mogab & Hughes, P.C., Charles A. Mogab, John F. Conley, St. Louis, for employee-appellant.

John P. Lichtenegger, Chris N. Weiss, Jackson, for defendant-respondent.

KAROHL, Judge.

Gordon Olds appeals a workers' compensation award against the Second Injury Fund. In a divided opinion, the Labor and Industrial Relations Commission affirmed the award of the law judge who found Olds to be permanently partially disabled with regard to Second Injury Fund liability. Olds appeals claiming the evidence supported a permanent total award and the permanent partial award is unsupported. We reverse and remand for additional findings of fact and proceedings in accord with this opinion.

Olds sustained a work-related back injury in November of 1987 while working for Supreme Express and Transportation Co. (employer). Olds subsequently filed a workers' compensation claim against both the employer and the Second Injury Fund alleging permanent total disability. This claim was based upon the current back injury and numerous existing medical conditions and injuries. There was no dispute the prior conditions were industrial disabilities. Prior to trial, Olds settled with the employer for $4,996.32 in medical expenses and a lump

sum payment of $44,400 based on 68% permanent partial disability.

The claim against the Second Injury Fund was tried in January, 1992. The only issue before the judge was whether the Second Injury Fund should be liable for permanent partial or permanent total disability. The administrative law judge awarded Olds $4,832.42 for permanent partial disability.

Olds appealed the administrative law judge's decision to the Labor and Industrial Relations Commission. On December 28, 1992, the commission affirmed the award [Philip M. Barry, dissenting]. On January 11, 1993 Olds filed a notice of appeal with this court. We reverse and remand for further findings of fact and proceedings in accord with this opinion.

Olds possesses an eighth grade education. At the time of the hearing, he was already 63 years old. He worked for the employer from 1962 until July of 1988 as a truck driver and has no training to do anything else.

Olds's history of illnesses and injuries began in 1968 when a truck ran over his right leg. This incident broke his leg in two places between the ankle and the knee. He could not work for one full year and needed five separate surgical operations to reconstruct the leg. Both a workers' compensation claim and a third-party claim were filed, but Olds could not recall the amount of the settlements. Following his return to work, he could no longer unload trailers as was required for his previous position as a city driver. He was then allowed to switch positions to that of an over-the-road driver. While this new position did not require the unloading of trailers, Olds's wages decreased while his total working hours increased. He then worked 60 or 70 hours per week, where previously his schedule required approximately 40 hours per week.

In 1977, he injured both legs when a 3,200 pound bundle of steel rolled off a truck and pinned him against the wall. This incident resulted in torn ligaments in the left leg from the knee to the foot and damaged ligaments in the right leg. As a result, Olds missed two to three months of work. He settled a resulting claim for ten percent disability to the left hip and ten percent disability to the right knee. Subsequently, Olds changed jobs again. He went from an over-the-road driver to driving transfer trailers from one railroad to another.

In 1978 Olds was diagnosed with infectious phlebitis. Olds suffered approximately five to six episodes with the phlebitis necessitating a total of approximately eight to fifteen months off work. He was hospitalized in 1983 or 1984 for the phlebitis and still must take blood-thinning medication on a daily basis for this condition.

Between 1983 and 1985, Olds was hospitalized for a hernia of the esophagus. He underwent surgery to remove the growths and to rebuild his esophagus, after which he missed approximately three months of work.

Olds's next bout with illness was a 1986 operation to remove the upper lobe of his right lung. This hospitalization lasted from approximately August until October of that year. Additionally, following this lung surgery, Olds developed hepatitis. As a result of the partial lung removal, he now often experiences problems with shortness of breath. This problem becomes more severe when driving because of the diesel fumes.

Finally, while working in October of 1987, Olds sustained the injury which gives rise to this appeal. He slipped on a wet spot at a loading dock while opening the trailer doors. He did not fall, but in catching himself, felt a pain in his back and hip.

Initially, a physician treated Olds's injuries with epidural injections. Olds declined surgery because he had been told it could possibly worsen his condition. Subsequent to the injections, he underwent a CT scan and an MRI scan. He also saw a physical therapist and engaged in a series of physical therapy sessions.

Olds returned to work in April of 1988. Due to severe pain from the back injury, he was forced to quit after only three weeks. Subsequently, he retired early and now receives a partial union pension. He has also been declared to be totally disabled by Social Security and receives disability benefits. For more than three years, he has neither worked nor looked for work.

Prior to Olds's hearing, he was examined by both a doctor of his choice and a doctor for the Second Injury Fund. It is from the opinions of these experts that the narrow issue for review arose, that being whether Olds is permanently partially or permanently totally disabled.

Olds's doctor, Dr. Shuter, concluded Olds has permanent total disability. He noted Olds walked with a painful gait and favored his left leg. Dr. Shuter thought Olds could work if he could find a job which did not require lifting or carrying over 20 pounds, sitting over two hours or driving over 100 miles, but questioned whether he could find that type of employment. The doctor came to his conclusion after considering all of Olds's medical conditions.

Dr. Conrad, for the Second Injury Fund, concluded Olds suffered permanent, but only partial disability. He detected no limp nor pain when Olds moved around his office. The Second Injury Fund brought this information to the hearing in the form of a written report. Additionally, Dr. Conrad prepared his report August 13, 1990, well over one year before the January 1992 hearing.

 The Second Injury Fund's evidence consisted solely of Dr. Conrad's report. In this report, Dr. Conrad qualified his assessment of Olds's medical condition by stating, *"From an orthopaedic standpoint,* I would estimate permanent partial disability amounting to 20 percent of the body as a whole as a result of the condition in his low back." (emphasis added) Because of the qualification, Dr. Conrad's opinion is not probative that Olds is not permanently and totally disabled when the orthopaedic conditions are combined with the other disabilities.

We review the commission's decision. When viewing all the evidence including all reasonable inferences therefrom in the light most favorable to the commission's award, the award fails. *Lieneke v. Evangelical Deaconess Hosp.,* 418 S.W.2d 142, 145(4) (Mo.1967). We will modify an award if it is clearly contrary to the overwhelming weight and effect of all evidence or if it is not supported by substantial and competent evidence. *Malcom v. La–Z–Boy Midwest*

*Chair Co.,* 618 S.W.2d 725, 726 (Mo.App. 1981), *Berardino v. Gen. Molding, Inc., P.D.,* 586 S.W.2d 365, 366 (Mo.App.1979).

Employee's claim of total disability is sustainable only if his evidence is believed. This is the result of the absence of defense evidence of partial disability when all the undisputed medical conditions are considered and evaluated. Credibility of witnesses is a matter for the commission. *Kowalski v. M–G Metals and Sales, Inc.,* 631 S.W.2d 919, 921 (Mo.App.1982), *Berardino v. Gen. Molding, Inc., P.D.,* 586 S.W.2d 365, 366 (Mo.App. 1979). We cannot determine whether the rejection of a permanent disability award was the result of disbelief of claimant's evidence, a matter for the commission, or, reliance on defense expert opinions.

Additionally, we find some of the commission's findings unsupported. This also clouds determination of the basis of the commission's decision. Dr. Shuter testified Olds's back pain is constant, however, he also has pain in his leg when lifting more than 20 pounds. The commission incorrectly analyzed this portion of Dr. Shuter's testimony to say Olds suffers pain only when it is induced by certain activities.

When reviewing Olds's extensive history of injuries and illnesses, his current claim regarding the most recent back injury, his age, limited education and lack of training to do anything other than drive a truck, it appears Olds may be permanently and totally disabled. *Reves v. Kindell's Mercantile Co., Inc.,* 793 S.W.2d 917, 920–921 (Mo.App.1990), *Kowalski v. M–G Metals and Sales, Inc.,* 631 S.W.2d 919, 922 (Mo.App.1982). However, the issue of credibility remains.

We remand for further proceedings in accord with this opinion.

CRANE, P.J., and CRAHAN, J., concur.