James **BURCHFIELD**, Appellant,

v.

**RENARD PAPER COMPANY, INC.**, Respondent.

No. ED 99151.

Missouri Court of Appeals, Eastern District, Division Four.

July 16, 2013.

James Burchfield, St. Louis, MO, Appellant Acting Pro Se.

Robert W. Frayne, Law Offices of Stephen H. Larson, St. Louis, MO, for Respondent.

KURT S. ODENWALD, Judge.

### Introduction

James Burchfield appeals from the final award of the Labor and Industrial Relations Commission ("Commission") denying workers' compensation benefits. Burchfield was injured while working for his then-employer, Renard Paper Company, Inc. ("Employer"), and subsequently developed hearing loss. Burchfield applied for workers' compensation benefits. After a hearing, an administrative law judge ("ALJ") denied his claim on the basis that he failed to produce sufficient competent evidence of medical causation. Burchfield appeals from the Commission's final award denying benefits and affirming the ALJ's decision, and alleges that the ALJ erred in refusing to admit into evidence medical records offered by Burchfield during the hearing. Because Burchfield failed to establish proper evidentiary foundation for the records at issue, the ALJ did not err in denying Burchfield's request to admit the records into evidence, and the Commission did not err in affirming the ALJ's decision denying Burchfield workers' compensation benefits.

### Factual and Procedural History

On September 7, 2007, Burchfield was working as a driver for Employer. While driving backward on a pallet jack, Burchfield backed into a stack of empty pallets, one of which struck him in the back of the head. Burchfield testified that he did not feel any immediate pain, and went home and fell asleep. The next morning, Burchfield had swelling on the side of his head and could not hear. Burchfield reported the injury to Employer, but was not treated by a company doctor for his injury.

Burchfield subsequently filed a claim for workers' compensation benefits. Although he originally retained an attorney, Burchfield elected to proceed *pro se* in the hearing before the ALJ. During the hearing, Burchfield requested admission of certain medical records. Employer objected on the grounds that the records contained hearsay and lacked foundation. The ALJ sustained Employer's objection and denied admission of the records. The ALJ subse-

quently held that Burchfield failed to present clear and convincing evidence of medical causation. The Commission affirmed the ALJ's decision. Burchfield now appeals, electing again to proceed *pro se.*

### Point on Appeal

In his only point on appeal, Burchfield argues that the ALJ erred in declining to admit certain medical records offered by Burchfield, and that as a result of the ALJ's error, the Commission erroneously affirmed the decision of the ALJ.

### Standards of Review

■ We review the admission of evidence in workers' compensation cases for an abuse of discretion. *T.H. v. Sonic Drive In of High Ridge,* 388 S.W.3d 585, 592 (Mo.App. E.D.2012).

■ We review the award of the Commission to determine whether "considering the whole record, there is sufficient competent and substantial evidence to support the award." *Bowers v. Hiland Dairy Co.,* 132 S.W.3d 260, 263 (Mo.App. S.D.2004) (quoting *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003)).

### Discussion

■ The issues before this Court are whether the ALJ committed an abuse of discretion in declining to admit the medical records offered by Burchfield, and whether, as a result of the ALJ's alleged error, the Commission erred in affirming the denial of any workers' compensation benefits.

Medical records in workers' compensation hearings are admissible under Section 287.210.7 without the requirement of additional foundation evidence if the proponent of the evidence follows the statutory requirements for admission. Section 287.210.7. Under Section 287.210.7, the party intending to admit a complete medi-

cal report must give notice to all parties 60 days prior to the hearing. Section 287.210.7. The notice must also include a copy of the report and all clinical or treatment records of the physician. Section 287.210.7. The party seeking to admit the medical records under Section 287.210.7 must additionally provide an opportunity for the adverse party to cross-examine the physician who authored the report not later than 7 days before the matter is set for hearing. Section 287.210.7

The record before us is clear that Burchfield did not follow the requirements of Section 287.210.7. Burchfield did not provide 60 days notice to Employer that he intended to admit the medical records at issue into evidence. Nor did Employer have the opportunity to cross-examine the medical professionals who authored the reports Burchfield sought to have admitted. Accordingly, admission of the records would not have been proper under Section 287.210.7.

Burchfield contends that the ALJ nevertheless erred in declining to admit the medical records because the ALJ's decision was based upon an inappropriately rigid application of the rules of evidence. As support for his position, Burchfield cites Section 287.550, which states that all proceedings before the ALJ shall be simple, informal, and summary and without regards to the technical rules of evidence. Burchfield contends that, under these relaxed standards of evidence, the ALJ erred in refusing to consider the medical records he attempted to admit into evidence.

■ While it is true that workers' compensation proceedings do not strictly apply the technical rules of evidence, evidentiary foundation is not an overly technical rule of evidence, nor is it a rule of evidence that is suspended in workers' compensation proceedings. 8 C.S.R. 50–2.010(14) ("The

rules of evidence for civil cases in the state of Missouri shall apply [in workers' compensation hearings]."); *See Tillman v. Wedge Mobile Serv. Station,* 565 S.W.2d 653, 656–57 (Mo.App. St.L.1978). Section 287.210.7 eliminates the hearsay objection to medical records in workers' compensation proceedings. However, a claimant's failure to comply with Section 287.210.7 subjects medical records to the foundational requirements for the introduction of the documentary evidence as business records, as well as objections such as relevancy or an inadequate source of information. *See, Schneider v. Ashburn/Schneider Painting,* 849 S.W.2d 271, 274 (Mo.App. E.D.1993), overruled on different grounds by *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220 (Mo. banc 2003).

Burchfield did not comply with the requirements set forth in Section 287.210.7 when he sought to introduce his medical records into evidence. Therefore, Burchfield needed to establish a proper foundation for the medical records he sought to admit into evidence through the testimony of a witness familiar with the records. *See id.; Tillman,* 565 S.W.2d at 656–57. The record is clear that Burchfield did not adduce evidence or testimony sufficient to satisfy the foundational requirements for admission of the medical records. As the ALJ properly concluded, allowing admission of the medical records either without proper foundation established through witness testimony or without compliance with the requirements of Section 287.210.7 would have denied Employer its right to cross-examine the medical professionals who authored the reports.

We are not unsympathetic to Burchfield's claim that he was unaware of the evidentiary requirements for the admission of the records at issue. However, 8 C.S.R. 50–2.010(14) does not exempt unrepresented claimants from the express evidentiary requirements for hearings before the Commission. In this case, Burchfield failed to follow the requirements of Section 287.210.7, and did not otherwise establish the requisite foundation for the medical records he sought to admit into evidence. Accordingly, the ALJ did not err in denying admission of the records, and the Commission's award was not erroneous on the basis of the properly excluded evidence.

*Conclusion*

The final award of the Commission is affirmed.

LAWRENCE E. MOONEY, P.J., and PATRICIA L. COHEN, J., concur.